### SAN ANTONIO, U. & G. R. CO. v. CLARKE & KELLER.
#### No. 11583.

Court of Civil Appeals of Texas. Dallas. Feb. 16, 1935.

Rehearing Denied March 23, 1935.

Andrews, Kelley, Kurth & Campbell and Sewell, Taylor, Morris & Garwood, all of Houston, and Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Clark & Clark, of Fort Worth, and Wm. F. Collins, of Oklahoma City, Okl., for appellees.

BOND, Justice.

This is an appeal from a judgment in favor of William Keller and Sydney Clarke, doing business under the firm name of Clarke & Keller, and against San Antonio, Uvalde & Gulf Railroad Company, for the sum of $750, arising from a shipment of 600 crates of green onion plants, moving from Crystal City, Tex., to Dallas, Tex., over the appellant's and its connecting carrier's railroads.

On the verdict of the jury, the connecting carriers, International-Great Northern Railroad Company and the Gulf, Colorado & Santa Fé Railroad Company, were relieved of all alleged liability for the damages appellees sustained, and from which there is no appeal.

The pleadings and evidence disclose that the shipment was delivered to appellant, the initial carrier, in good condition, and arrived at the point of destination in a damaged condition, and further that there was no unusual delay in the movement of the shipment from Crystal City to Dallas, Tex.

The damages, as the appellees allege, were due to a failure of the defendants to use ordinary care in transit.

Appellant answered by general denial and special pleadings, that the damages, if any, were due to the fault of the appellees or their agents in the manner in which the shipment was loaded, and further that the alleged damaged condition, if any, on arrival at Dallas, was due to inherent vice and natural propensity of the green onion plants; and was further due to the fact that in loading and handling of the shipment, the carriers followed the instructions of the appellees, moving the shipment under appellees' directed bill of lading "to ice the car to capacity at Crystal City * * * do not re-ice in transit"; thus, relieving the carriers of liability for the loss or damage which was due solely to the act or default of the shippers, or owners, or the natural inherent character of the onions.

The trial was had before a jury, and on special issues submitted, it found that the onion plants were loaded in good condition, arrived in damaged condition, and the damage was due to the failure of the initial carrier, appellant, to carry out the shipper's instructions "to ice the car to capacity at Crystal City."

The gravamen of appellant's contention on this appeal is that the evidence does not support the findings of the jury as to appellant's failure to initially ice the car to capacity at Crystal City, and that such failure was the approximate cause of the damage.

The testimony is undisputed and uncontroverted, that the shipment was received by appellant in good condition and delivered to appellees in a damaged condition, and fully to the extent as found by the jury and reflected in the judgment of the court; that the agents of the appellant and those charged with the duty to ice the car "to capacity" at Crystal City, testifying from records they kept (they having no independent recollection of the shipment), that the car was initially iced to capacity and not re-iced in transit; that the shippers instructed appellant, and such is recited in the bill of lading, the car to be only iced to capacity at Crystal City, and not re-iced in transit. The capacity of the car in question is admitted to be 10,000 pounds, and, to put the ice in the car bunkers, it had to be and was broken in chunks of from 5 to 25

pounds; that, on the occasion of the icing at Crystal City, those charged with that duty iced fourteen cars, including the one involved here, in fifteen minutes. There is testimony in the record that it takes from five to eight minutes to ice a car to capacity. Crystal City is shown to be 120 miles from San Antonio, six or seven hours' run, and the testimony is undisputed that on arrival at San Antonio, the car was inspected by the railroad company, which disclosed that the car bunkers were only one-eighth full of ice, and, likewise, on arrival at Dallas there was no ice in the car; the ice bunkers being perfectly dry.

Furthermore, there is testimony in the record that the shippers had previously, under similar conditions, made other shipments of onions from Crystal City to Wichita, Kan., Shawnee, Okl., Memphis, Tenn., and other points farther distant than Dallas, and, in each instance, only the icing to capacity was done at the point of origin, and suffered no damage to the shipments; the initial icing being all that was necessary to preserve the shipments to their respective destinations.

While the evidence in the main is undisputed and supported by the testimony of appellant's witnesses, and the trainmen's records, yet we believe that appellant's evidence raises the issues as to whether the carrier obeyed the orders of the shipper, to ice the car "to capacity" at Crystal City, and that such failure was the cause of the damage. It is reasonable we think for the jury to infer from the evidence that in icing fourteen cars to capacity in fifteen minutes, and that it requires from five to eight minutes to ice one car, those in charge of the duty to ice the car involved in this shipment failed to do their duty in carrying out the instructions of the shippers "to ice to capacity"; furthermore, it is reasonable for the jury to infer from the evidence, when the car arrived at San Antonio, six or seven hours after being iced at Crystal City, in a run of 120 miles, and only 1,250 pounds of ice then in the car, that those in charge of the icing failed to put 10,000 pounds of ice therein. We think the evidence is amply sufficient to warrant a reasonable belief in the existence of the fact that the carrier failed to discharge the duty incumbent upon it, that the car was not initially iced to capacity, and that such failure was the cause of the damaged condition of the shipment.

Where reasonable minds can find from the evidence that appellees' damages are due to a failure of the carrier to carry out the instructions of the shipper embodied in its bill of lading, and that such failure was a proximate cause of the damage, the rule is stated affirmatively, that a verdict in their favor on the issues should be affirmed. There were facts proven, from which a jury might, and they evidently did, conclude with reasonable certainty that the extent of appellees' damages was due to the failure of appellant to ice the car to capacity at Crystal City. Therefore, this court would not be warranted in holding the evidence insufficient to raise the questions for the determination of the jury.

Appellant complains further that the court erred in permitting the introduction of what purports to be an original certificate of an inspector operating under the Federal Bureau of Agricultural Economics, which certificate recites in detail the damaged condition of the onions on arrival at Dallas. Appellant bases its assignment on the grounds that the certificate is not authenticated, as required of documents of departments and public officers of the United States, in that it is not proven up by any witness, or that it is under the seal or certificate of the United States Department of Agriculture, attesting its genuineness, or that it is a certified copy, under seal, of any original document required to be filed by act of Congress.

We are inclined to the opinion that the purported certificate was not admissible in evidence, and that the appellant's objections thereto should have been sustained. However, the undisputed and uncontradicted evidence is to the effect that the onion plants involved in this case were in damaged condition on the date of the purported inspection, and to the extent, as recited in the certificate, and, in fact, as we view the record, there is no serious contention that the onions were not damaged, the only contentions being that they were not damaged by any act of appellant in handling the shipment, and that the damage was due to the lack of icing in transit. So, if the introduction of the certificate was error, evidently such error is harmless, and not sufficient to authorize this court to reverse the case on that ground.

Appellant further assigns as error the action of the court in refusing to permit the introduction in evidence of the moving record of another and different car of onions shipped from Crystal City to Farmersville, Tex., contending that it was loaded by the shippers and handled in the same way as the one involved in this case; moved in the same train and arrived at destination in good condition. Manifestly, if the proffered evidence

would have shown that the other car of onions was initially iced to capacity at Crystal City, not re-iced in transit, and arrived at its destination, Farmersville, Tex., a short distance from Dallas, iń good condition, then, instead of such testimony supporting the contention of appellant, it would more nearly tend to establish the contention of appellees, that the car involved in this case was not iced to capacity, as was the other car. However, be that as it may, the record discloses that appellant did not show or attempt to show, as a predicate for the introduction of the proffer, the condition of the other car of onions at the time they were loaded, or that they were in the same condition as the onionś in the instant case. There is nothing in the record revealing their condition at the point of shipment, or at their destination. The bill of exception, on which the assignment is based, neither bears evidence as to a predicate authorizing the introduction of testimony of a similar shipment, nor does it disclose what the testimony would have been as to the condition of the onions at the point of destination. The bill of exception is wholly insufficient to hinge the assignment; the assignment is overruled.

We have carefully reviewed all of appellant's assignments not above mentioned, and finding nothing in the record to warrant a reversal of the judgment of the lower court, the judgment is affirmed.

Affirmed.